IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 10-cv-01899-WYD-KLM

JEFF BENTON, individually, and
ZOO FANS, INC., a Colorado corporation,

    Plaintiffs/Counterclaim Defendants,

v.

AVEDON ENGINEERING, INC., a Colorado corporation,
AIRIUS IP HOLDINGS, LLC, a Colorado limited liability company, and
AIRIUS, LLC, a Colorado limited liability company,

    Defendants/Counterclaim Plaintiffs/ Third Party Plaintiffs,

v.

WILLIAM F. BUELL, JR., an individual,
HUNTERS GREEN MARKETING, INC., a Kentucky corporation, dba BUELL and BUELL, and
CORY COCHRAN, an individual,

    Third-Party Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

### 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (herein after referred to as the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items

**EXHIBIT A**

that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal; D.C.COLO.LCivR 7.2 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party. Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material. All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "CONFIDENTIAL" Information or Items. Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 Receiving Party. A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party. A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7  Designating Party. A Party or non-party that designates information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8  Protected Material. Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9  Outside Counsel. Attorneys, as well as their employees who are involved on this case, who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10  House Counsel. Attorneys, as well as their employees who are involved on this case, who are employees of a Party.

2.11  Counsel (without qualifier). Outside Counsel and House Counsel (as well as their employees who are involved on this case).

2.12  Expert. A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13  Professional Vendors. Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing of exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.  SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

4

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. Utilizing this process, sometimes referred to as a "quick-peek" procedure shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information.

In the event that a Party or non-Party produces Disclosure or Discovery Material that another Party desires to designate as Protected Material, the Party so desiring shall, reasonably promptly after the initial production, notify other Receiving Parties of the designation and the other Receiving Parties, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Party asserting the designation shall also affix the appropriate legend on a copy of the protected material and produce it to the other Receiving Parties.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. *KLM*

5.4 <u>Inadvertent Production of Documents</u>. The inadvertent production of any document or information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege or other

privilege, and no party or third person shall be held to have waived any rights by such inadvertent production. Upon written request by the inadvertently producing party or third person, the receiving party shall: (a) return the original and all copies of such documents or promptly petition the Court for a determination whether (i) production is properly inadvertent or (ii) the document is subject to a claim of privilege, and (b) shall not use such information for any purpose unless allowed by order of the Court.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may ~~file and serve a motion~~ under D.C.COLO.LCivR 7 (and in compliance with Rule 7.2, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must include a certification that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and must set forth with specificity the justification for the confidentiality designation that ~~was given by the Designating Party in the meet and confer dialogue~~.

[Handwritten annotation: Contact the Magistrate Judge's chambers to request a discovery hearing, pursuant to Mag. Judge Mix's discovery procedures. See Scheduling Order [#77] at p. 15, Section P.d. KLM]

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

All "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall be stored under the direct control of litigation counsel of record, or Experts as defined in this Order, who shall be responsible for preventing any use or disclosure thereof, except in accordance with the terms of this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action.

(b) officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors and contractors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g) the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

   (a)   the Receiving Party's Outside Counsel of record in this action;

   (b)   Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (c)   the Court and its personnel;

   (d)   court reporters, their staffs, and professional vendors and contractors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

   (e)   the author of the document or the original source of the information.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by email, if possible) immediately and in no event more than five days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action

any Protected Material. A Party that seeks to file under seal any Protected Material must comply with D.C.COLO.LCivR 7.2.

11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within forty-five (45) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within sixty (60) days after the final termination of this action that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Protective Orders.

12.2 <u>Right to Assert Other Objections</u>. This Order shall not be deemed a waiver of:

(a) any Party's right to object to any discovery requests on any ground;

(b) any Party's right to seek an order compelling discovery with respect to any discovery request;

(c) any Party's right in any proceeding or action herein to object to the admission of any evidence on any ground;

(d) any Party's right to use and disclose its own documents and its own Confidential Information designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" in its sole and complete discretion; or

(e) the status of any Confidential Information as a trade secret.

12.3 <u>Days</u>. For purposes of counting the number of days pursuant to any provision of this Order, days shall mean all days, seven days per week, 365 days per year (366 days per leap year), not solely business days.

12.4 <u>Binding Order</u>. The parties agree to submit this Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court. Any provision of this Order must be amended when good cause is shown by the party wishing to amend.

DATED this 23rd day of March, 2011.

BY THE COURT:

_____
Magistrate Judge Kristen L. Mix

| | |
|---|---|
| s/ Michael G. Martin | s/ Michael R. Davis |
| Michael G. Martin, #14204 | Hugh Q. Gottschalk |
| James E. Dallner, #36842 | Michael R. Davis |
| LATHROP & GAGE, LLP | WHEELER TRIGG O'DONNELL LLP |
| 950 17th Street, Suite 2400 | 1801 California Street, Suite 3600 |
| Denver, Colorado 80202 | Denver, Colorado 80202 |
| Phone: (720) 931-3200 | Phone: (303) 244-1800 |
| Fax: (720) 931-3201 | Fax: (303) 244-1879 |
| Email: mmartin@lathropgage.com | Email: gottschalk@wtkotrial.com |
| jdallner@lathropgage.com | davis@wtkotrial.com |
| | |
| Attorney for Plaintiffs Zoo Fans and Mr. Benton and Third-Party Defendant Mr. Cochran. | Attorney for Defendants Avedon Engineering, Airius, and Airius IP. |

KIDD LAW OFFICE, PLLC

_____s/ Joshua R. Kidd_____
Joshua R. Kidd
220 North Second Street
Richmond, Kentucky 40476
Phone: (859) 626-4026
Fax: (859) 898-0527
Email: joshuarkidd@gmail.com

Attorney for Third-Party Defendants Mr. Buell and Hunters Green

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado on _____ [date] in the case *Zoo Fans v. Avedon, et al.*, Civil Action No. 10-cv-01899-WYD-KLM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information or any portion or substance thereof provided to me in the course of this litigation except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States for the District of Colorado, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I further hereby provide the following information (information can be provided on separate sheets attached hereto):

1. My present employer is:_____

2. The address of my present employer is:_____

3. My present occupation/job description is:_____

4. Identity of each person or entity from whom I have received compensation for work in my area of expertise or to whom I have provided professional services at any time during the preceding five years:_____

When my services in this matter have been concluded, I will destroy all materials containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information or any portions or copies, summaries, abstracts or indices thereof, which come into my possession and documents or things which I have prepared relating thereto and containing such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information.

Pursuant to 28 U.S.C. § 1746, I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                              [printed name]

Signature:_____
                              [signature]