IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01899-RBJ-KLM

JEFF BENTON, individually, and
ZOO FANS, INC., a Colorado corporation,

    Plaintiffs/Counterclaim Defendants,

v.

AVEDON ENGINEERING, INC., a Colorado corporation,
AIRIUS IP HOLDINGS, LLC, a Colorado limited liability company, and
AIRIUS, LLC, a Colorado limited liability company,

    Defendants/Counterclaimants/Third-Party Plaintiffs,

v.

WILLIAM F. BUELL, JR., an individual,
HUNTERS GREEN MARKETING, INC., a Kentucky corporation, d/b/a Buell and Buell, and
CORY R. COCHRAN, an individual,

    Third-Party Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs Avedon Engineering, Inc., Airius LLC, and Airius IP Holdings, LLC's **Motion for Costs to Re-Open and Complete Jack Matzer's Out-of-State Nonparty Deposition** [Docket No. 101; Filed September 9, 2011] (the "Motion"). During a discovery hearing held August 26, 2011, the Court instructed Defendants to file this Motion. *Minutes*, Docket No. 99 at 2. Plaintiffs and the Third-Party Defendants timely filed separate Responses in opposition to the Motion on September 20, 2011 [Docket Nos. 103, 104]. The Court will

1

not permit a Reply.  The Motion is ripe for review and is referred to this Court for disposition [Docket No. 102].  For the following reasons, the Motion is **DENIED**.

In short, this lawsuit arises from the manufacture and sale of air destratification fans, the "Zoo Fan" by Plaintiffs and the "Air Pear" by Defendants.  Plaintiffs filed this declaratory judgment action seeking a declaration by the Court that their product does not infringe on the patent related to Defendants' product, and that Plaintiffs have not committed any other alleged wrongdoing.  Defendants counterclaimed, asserting fraud, trade secret misappropriation, unfair competition, and other related claims against Plaintiffs.  Further, Defendants, as Third-Party Plaintiffs, sued the Third-Party Defendants for similar claims as those stated against Plaintiffs.  See *Sched. Ord.*, Docket No. 77 at 2-10.

The Motion at issue arises from a discovery dispute among the parties related to allegations by Defendants that Plaintiffs and the Third-Party Defendants have delayed production of documents responsive to certain discovery requests, namely emails and phone records, related to Jack Matzer, a nonparty to the lawsuit.  Mr. Matzer was an employee of Defendants (as a national sales manager for Defendant Avedon) from 2004 through the beginning of 2009.  *Motion*, Docket No. 101 at 3.  Defendants attest that Plaintiffs and the Third-Party Defendants identified Mr. Matzer as a potential witness in their initial disclosures, issued February 1, 2011.  *Id.*  Defendants thus noticed Mr. Matzer's deposition, set for July 19, 2011 (an agreed-upon date), in Chicago, Illinois, which is where Mr. Matzer resides.  *Id.* at 5.  Defendants state that their counsel "booked a nonrefundable flight, court-reporting service, and deposition room rental" in preparation for the deposition and in reliance on "the opposing parties' assurances."  *Id.*

Prior to the date of the deposition, on March 21, 2011, Defendants served the

opposing parties (Plaintiffs and Third Party Defendants) with requests for production and interrogatories, including requests for certain emails, phone records, and lists of current employees. *Id.* at 4. Defendants assert that the opposing parties did not produce the phone records and emails before Mr. Matzer's deposition, and furthermore, Plaintiffs failed to disclose Mr. Matzer as an employee in their list of employees, requested on March 21, 2011, and responded to on April 25, 2011. *Id.* Defendants aver that, during Mr. Matzer's deposition, it came to light that he became "an independent sales representative" for Plaintiffs on February 15, 2011. *Id.* at 6. Defendants believe that Mr. Matzer's testimony indicates that "the opposing parties schemed with Mr. Matzer during this time (well after the time this pending lawsuit commenced) to continue to misappropriate Avedon's trade secrets." *Id.* at 7. However, as this evidence was disclosed during and after Mr. Matzer's deposition, Defendants contend that they were precluded from further investigating these issues with Mr. Matzer. *Id.* at 7-8. Thus, Defendants ask the Court to award costs in their favor for the reopening of Mr. Matzer's deposition. *Id.* at 8.

Plaintiffs and the Third-Party Defendants oppose Defendants' request and filed separate Responses that present similar arguments [Docket Nos. 103, 104]. Plaintiffs suggest that the culprit in this matter is Mr. Matzer, because he failed to produce documents responsive to the pre-deposition subpoenas until after the deposition. *Resp.*, Docket No. 103 at 2. Plaintiffs and the Third-Party Defendants attest that they produced all responsive documents within their possession, custody, and control before the deposition. *Id.* at 3-5; *Resp.*, Docket No. 104 at 4-7. These parties further point out that Defendants fail to articulate legal authority in support of their request, and the authority alluded to by Defendants does not provide a basis for relief. *Resp.*, Docket No. 103 at 5-8;

3

*Resp.*, Docket No. 104 at 2-4. Additionally, Plaintiffs state that Defendants have not properly sought leave to reopen Mr. Matzer's deposition as required by Fed. R. Civ. P. 30(a)(2)(A)(ii),[1] thus the request is, in any event, premature. *Resp.*, Docket No. 103 at 8-10.

After review of the three filings, the Court concludes that no party has clean hands. Defendants clearly were on notice that they did not have the requested information before Mr. Matzer's deposition, but did not seek to reschedule the deposition in order to accommodate the document production schedule. The Court finds it notable that Defendants resolved their oral motion to compel supplements to the opposing parties' written discovery responses on the morning of the discovery dispute hearing held August 26, 2011, explaining to the Court that they had reached an agreement with the opposing parties for production of the documents at issue. *Tr.*, Docket No. 100 at 5-7. Counsel for Defendants stated that it would be acceptable for production to be completed within two weeks from the date of the hearing, establishing the deadline at September 9, 2011, which was nearly two months after Mr. Matzer's deposition. *Id.* It is true that, as officers of the court, if counsel for the opposing parties previously agreed to complete production of their discovery responses before the July deposition, they indeed should have done so. However, Defendants waited until nearly one month after the date of the deposition, and five months after service of the written discovery requests in the first instance, to bring the delays in production to the Court's attention, and did so at their peril, incurring the costs

---

[1] Plaintiffs cite to Fed. R. Civ. P. 30(a)(2)(B), which is inapplicable to this matter as it governs depositions of incarcerated persons. *Resp.*, Docket No. 103 at 9. Fed. R. Civ. P. 30(a)(2)(A)(ii) is the appropriate rule.

they now seek to recover.  In light of such dilatory conduct, the Court does not find Defendants' present arguments compelling.

Additionally, during the discovery hearing, the Court instructed all parties that it would accept one motion and one response (from each opposing party) in regards to the issue of Mr. Matzer's deposition, and no reply would be allowed.  In consideration of their "one shot" at convincing the Court of their position, Defendants' Motion is woefully inadequate;[2] they provide a truly minuscule amount of legal authority in support of their request for costs, provide no evidentiary support for the allegations stated in the Motion (for example, exchanges of communication between counsel or deposition transcripts), and instead of providing the Court with an accounting of the costs, ask the Court to continue the proceeding by accepting a statement of costs after the Motion has been ruled upon.  This suggestion by Defendants unnecessarily increases the workload associated with what should have been a simple task.  In any event, the Court is not persuaded by the Defendants' position and declines to construct arguments on their behalf.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated:  September 26, 2011

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge

---

[2] Defendants proffer no legal argument whatsoever regarding the standard required for leave to reopen Mr. Matzer's deposition.  *See Motion*, Docket No. 101.