IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01899-RBJ-KLM

JEFF BENTON, individually, and
ZOO FANS, INC., a Colorado corporation,

     Plaintiffs/Counterclaim Defendants,

v.

AVEDON ENGINEERING, INC., a Colorado corporation,
AIRIUS IP HOLDINGS, LLC, a Colorado limited liability company, and
AIRIUS, LLC, a Colorado limited liability company,

     Defendants/Counterclaimants/Third-Party Plaintiffs,

v.

WILLIAM F. BUELL, JR., an individual,
HUNTERS GREEN MARKETING, INC., a Kentucky corporation, d/b/a Buell and Buell, and
CORY R. COCHRAN, an individual,

     Third-Party Defendants.

---

## ORDER

---

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on an *ex parte* letter authored by "Bill Buell for Hunter's Green Marketing, Inc." and on the Order to Show Cause issued December 29, 2011 [#120]. In the letter, Mr. Buell informs the Court that Defendant Hunters Green Marketing, Inc. "does not have the funds to retain an attorney." The Court construes this letter as a response to the Order to Show Cause, and as notice that counsel will not be entering an appearance on behalf of Defendant Hunters Green Marketing, Inc. Because Defendant Hunters Green Marketing, Inc. is a corporation and cannot appear in this Court without legal representation, *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir.

1

2001); D.C.COLO.LCivR 83.3D., the Court finds that Defendant Hunters Green Marketing, Inc. has "failed to . . . otherwise defend" this lawsuit. *See* Fed. R. Civ. P. 55(a); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 (3d Cir. 1992) (recognizing that Rule 55(a)'s "otherwise defend" language provides the court with inherent authority to enter default even if a party has timely answered); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) (authorizing entry of default where party failed to comply with order to obtain counsel); *see also Yates v. Portofino Equity & Mgmt Co.*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588831, at \*3 (D. Colo. Aug. 17, 2009) (same). Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#120] is made **ABSOLUTE** and the Clerk of Court is directed to enter **DEFAULT** against Defendant Hunters Green Marketing, Inc. pursuant to Fed. R. Civ. P. 55(a).[1]

IT IS FURTHER **ORDERED** that any Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b) against Defendant Hunters Green Marketing, Inc. shall be filed on or before **February 17, 2012**. The Motion shall be served on Defendant Hunters Green Marketing, Inc. by mailing a copy of the Motion, along with this Order, to Defendant Hunters Green Marketing, Inc.'s last known business address.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to docket the *ex parte* letter contemporaneously with this Order.

---

[1] Although Rule 55(a) references only the clerk's authority to enter default, "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2682, at 19 (3d ed. 1998). Further, although the Court could arguably recommend that judgment be entered against Defendant Hunters Green Marketing, Inc. as a sanction pursuant to Fed. R. Civ. P. 41(b) and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Court chooses not to do so here given the clear application of Fed. R. Civ. P. 55(a) and the lack of briefing regarding the amount for which judgment should be entered.

Dated:  January 17, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge