IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01899-RBJ-KLM

JEFF BENTON, individually, and
ZOO FANS, INC., a Colorado corporation,

    Plaintiffs/Counterclaim Defendants,

v.

AVEDON ENGINEERING, INC., a Colorado corporation,
AIRIUS IP HOLDINGS, LLC, a Colorado limited liability company, and
AIRIUS, LLC, a Colorado limited liability company,

    Defendants/Counterclaimants/Third-Party Plaintiffs,

v.

WILLIAM F. BUELL, JR., an individual,
HUNTERS GREEN MARKETING, INC., a Kentucky corporation, d/b/a Buell and Buell, and
CORY R. COCHRAN, an individual,

    Third-Party Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs Avedon Engineering, Inc. ("Avedon"), Airius LLC ("Airius"), and Airius IP Holdings, LLC's ("Airius IP," and collectively with Avedon and Airius, "Movants") **Unopposed Motion for Leave to Depose Carl Jones** [Docket No. 185; Filed April 22, 2013] (the "Motion"). Movants state that the Motion is unopposed. Movants seek to reopen discovery for the limited purpose of deposing non-party witness Carl Jones ("Jones"). *Motion* [#185] at 5.

    The deadline for the completion of general discovery in this case expired on January

31, 2012. *See Order* [#76] at 2. Movants represent that they were unable to depose Jones because, while his status as a potential witness was disclosed on February 1, 2011, no contact information was provided for him. *Id.* at 2. It was not until February 25, 2013 that Jones' contact information was disclosed. *Id.* at 3. However, the contact information provided by Plaintiff/Counterclaim Defendant Zoo Fans, Inc. ("Zoo") was incorrect and was amended on April 15, 2013. *Id.*

## I. Background

Plaintiffs/Counterclaim Defendants initiated this matter on January 4, 2011 seeking a declaratory judgment regarding a patent, unfair competition, a non-disclosure agreement, and misappropriation of trade secrets. *Am. Compl.* [#69] at 6-8. In addition, Plaintiffs/Counterclaim Defendants seek relief under the Lanham Act. *Id.* at 8-9.

## II. Analysis

The Court may modify its scheduling orders upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); D.C.COLO.LCivR 16.1. Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.* (citations omitted). With regard to the fourth factor, the Tenth Circuit has explained that "[d]emonstrating good cause under [Rule

16(b)(4)] 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir.1994)).

Applying the *Smith* factors, the Court finds that reopening discovery for the limited purpose of allowing Movants to depose Jones is appropriate. First, trial is scheduled to begin on August 5, 2013. Second, the Motion is unopposed. With regard to the third and fourth *Smith* factors, since the Motion is unopposed, there is no prejudice and, as explained in the Motion, the parties were diligent in obtaining discovery. The delay regarding this deposition is attributable to the fact that Jones' contact information was not disclosed until April 15, 2013 and Movants have still not been able to reach him. *Motion* [#185] at 3. Finally, Movants could not have foreseen the need for additional discovery until Jones was identified as a potential witness and, since Movants are as yet unsure what information Jones will provide, it is unclear if the deposition will lead to relevant evidence. However, Jones was identified as a non-party witness by Plaintiffs/Counterclaim Defendants, therefore it is likely he will provide some relevant information. Accordingly, the Court concludes that reopening discovery for the limited purpose of allowing Movants to depose Jones is appropriate.

Furthermore, and perhaps most importantly, justice favors allowing a claim to be tried on its merits. The Court is obligated to manage the case effectively and within the scope of the federal and local rules, with the purpose of facilitating the parties' presentation of a thoroughly prepared case before the District Court. Here, this requires an extension of the discovery deadline for the limited purpose of conducting one deposition.

### III. Conclusion

IT IS HEREBY **ORDERED** that the Motion [#185] is **GRANTED**. The discovery deadline is extended to **June 30, 2013** for the sole purpose of taking the deposition of Carl Jones.

Dated:  April 23, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge